

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. O-1525
Re: Authority of Consolidated
School District No. 5 of
Young County to employ and
pay a fee to the Assistant
District Attorney to col-
lect delinquent taxes.

We acknowledge receipt of your request for an opinion relative to the collection of taxes for a common school district. We have divided the request into two questions as follows:

1. Can Common School District No. 5 of Young County, Texas, employ the Assistant District Attorney of Young County to collect delinquent taxes?

2. If so, would he be entitled to his compensation for taxes collected by him where suit was not filed?

Article 32, Vernon's Code of Criminal Procedure provides that the District Attorney will not represent any party in any case adverse to the State.

That the duties and obligations of an Assistant District Attorney are the same as those of the District Attorney needs no citation of authority.

The next question to be determined is whether or not a suit for the collection of taxes for a common school district could in any manner be adverse to the State. The statutes are ambiguous as to whose duty it is to file

Hon. E. H. Griffin, page 2

such suits and represent the State, because Article 3324, Vernon's Annotated Civil Statutes, provides that the Tax Assessor and Collector shall furnish lists of delinquent taxes to the County or District Attorney; Article 7326 provides that it is the duty of the County Attorney to file suits for the collection of delinquent taxes; Article 7327 provides that in cases where the owners of the land are unknown and where there is no County Attorney, the District Attorney shall file such suits; Article 7332 provides that the County or District Attorney shall represent the State and county in all suits for the collection of delinquent taxes; and Article 7335 provides for the employment of another attorney when the County or District Attorney refuses to file the suit. It will readily be seen that it is not clear from the statutes just when the county attorney or the district attorney shall represent the State and county. However, it is our opinion that the duty rests upon the county attorney to do so, except in counties where there is no county attorney, and in that event, the duty is placed upon the district attorney. Though there are no decisions on this question, to hold that the Legislature intended otherwise would likely lead to much confusion.

It having been stated in the request that Young County has a County Attorney, it is therefore our opinion that no duty rests upon the District Attorney, or his assistant, to represent the State and County in the collection of delinquent taxes.

With respect to common school district taxes, Article 2784 of Vernon's Annotated Civil Statutes provides in substance that the commissioners' court of the county shall have the power to levy and cause to be collected such taxes, and that this statute "makes the commissioners' court of the county the governing body of the common school district in such county insofar as the power to levy and cause to be collected the annual ad valorem tax in such common school district is concerned." Attorney General Opinion No. 0-980, dated June 24, 1939.

As such governing body, the commissioners' court may lawfully enter into contracts with an attorney for the collection of delinquent taxes for such common school district and other delinquent state and county taxes. Attorney General Opinion No. 0-1427, approved October 4, 1939, and

Hon. E. H. Griffin, page 3

authorities therein cited.

We are therefore of the opinion that in Young County, Texas, the commissioners' court, as the governing body of Common School District No. 5, may enter into a contract with the Assistant District Attorney for the collection of delinquent taxes, for the reason that his duties under such a contract would not be incompatible with his duties under the law as Assistant District Attorney.

In answer to your second question you are advised that this is a matter to be determined by the contract of employment. Cameron, et al, v. Ernest, 34 S. W. (2d) 685.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cocke
Richard H. Cocke
Assistant

RHC:jm

NOV DEC 13, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE